IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-895-RGA |
| DR. JOSE CAPIRO, | : |
| Defendant. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 18, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019. (D.I. 2). He asserts jurisdiction by reason of a federal question. The Court proceeds to review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that Defendant Dr. Jose Capiro is a state actor for the State of Delaware and a private businessman. (D.I. 2 at 1). Dr. Capiro became Plaintiff's physician on February 1, 2018, after Plaintiff was instructed by the Delaware Superior Court that he was required to see Dr. Capiro and the Connections services and could not choose his own physician. (*Id.* at 2). The Court informed Plaintiff that he would be involuntarily hospitalized if he did not comply. (*Id.*).

Plaintiff alleges that since Dr. Capiro began treating him, Dr. Capiro has diagnosed Plaintiff with schizophrenia, recommended that Plaintiff stay on court-ordered medications for almost two years, prescribed Plaintiff injections of Invegga (a medication used to treat schizophrenia), monitored Plaintiff's Facebook activity, and instructed the Delaware State Police to go to Plaintiff's home after reading material Plaintiff had posted to Facebook. (*Id.* at 2).

Plaintiff alleges that Defendant: (1) censored his First Amendment rights to free speech and freedom of the press; (2) misdiagnosed him in violation of 18 U.S.C. §1035; and (3) caused assault and battery when he was medicated unnecessarily for a disease he does not have. (*Id.* at 2-3). The Complaint goes on to describe schizophrenia in great detail. (*Id.* at 3-6).

Plaintiff refers to immunity under Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4011(a), and he seems to raise claims under state law. (*Id.* at 7). Plaintiff alleges that as a direct and proximate result of the negligent conduct of Defendant, he has suffered serious bodily injury. He seeks two million dollars in compensatory damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may

be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The matter will be dismissed for lack of jurisdiction.

There are no federal claims. S*ee* 28 U.S.C. § 1331. The Complaint refers to a serious medical need but there are no allegations that Defendant was deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1996). At most, Plaintiff disagrees with the treatment provided by Defendant but that does not rise to the level of a constitutional violation. Nor are allegations of negligence sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

There are no allegations that the parties are diverse, *see* 28 U.S.C. § 1332, and the allegations state only Delaware addresses for both Plaintiff and Defendant. In addition, while Plaintiff attempts to raise claims under state law, the Complaint simply does not provide sufficient facts to do so.

Moreover, Plaintiff has not met Delaware's statutory requirements for raising a medical negligence claim. *See* 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853.

Finally, the allegations are conclusory, and the Court's experience and common sense, lead it to recognize that the Complaint does not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

As pled, the Complaint fails to allege any federal violations or state law claims. Therefore, the Complaint will be dismissed for want of jurisdiction and for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Perhaps Plaintiff could cure his jurisdictional defects and adequately state claims if given another opportunity. Therefore, he will be given leave to amend.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for lack of jurisdiction and for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff will be given leave to amend.

An appropriate order will be entered.