IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW JONES,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civil Action No. 19-895-RGA
                                        :
DR. JOSE CAPIRO,                        :
                                        :
            Defendant.                  :

Matthew Jones, Greenwood, Delaware.   Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 20, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019. (D.I. 2). He asserts jurisdiction by reason of a federal question. I dismissed the original complaint and gave Plaintiff leave to amend. (D.I. 6, 7). He filed an Amended Complaint (D.I. 8), that I will review and screen under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that Defendant Dr. Jose Capiro is a state actor for the State of Delaware as well as a private businessman. (D.I. 8 at 1). Dr. Capiro became Plaintiff's physician on February 1, 2018, after the Delaware Superior Court told Plaintiff he was required to see Dr. Capiro and Connections services and could not choose his own physician. (*Id.* at 2). The Court informed Plaintiff that he would be involuntarily hospitalized if he did not comply. (*Id.*).

Plaintiff provides a detailed list of his physical problems and alleges that Dr. Capiro showed deliberate indifference to his conditions and did not treat them. (*Id.* at 3). He also describes schizophrenia in great detail. (*Id.* at 5-9). He alleges that Dr. Capiro diagnosed Plaintiff with schizophrenia and committed him to involuntary hospitalization and medication in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (*Id.* at 3). He also alleges Dr. Capiro's actions sound in negligence. (*Id.* at 4-5).

In addition, the Amended Complaint alleges that Dr. Capiro recommended that Plaintiff stay on court-ordered medications for almost two years, prescribed Plaintiff

1

injections of Invegga (a medication used to treat schizophrenia), monitored Plaintiff's Facebook activity, and instructed the Delaware State Police to go to Plaintiff's home after reading material Plaintiff had posted to Facebook.   (*Id.* at 4).   In addition, Plaintiff alleges that Defendant violated his rights under the First, Second, Fourth, and Eighth Amendments; misdiagnosed him in violation of 18 U.S.C. §1035; and caused assault and battery when he was medicated unnecessarily for a disease he does not have.   (*Id.* at 10-11).

Plaintiff refers to immunity under Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4011(a), and he seems to raise claims under state law.   (*Id.* at 9). Plaintiff alleges that as a direct and proximate result of the negligent conduct of Defendant, he has suffered serious bodily injury.   (*Id.* at 4-5, 9-11).   He seeks ten million dollars in compensatory damages.   (*Id.* at 11).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Under 28 U.S.C. § 1915(e)(2)(B)(i), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.

3

10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.   *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.*

## DISCUSSION

Liberally construing Plaintiff's allegations, the Court infers that Plaintiff is challenging his involuntary commitment, denial of medical care, and the involuntary administration of medication.   Plaintiff's § 1983 action premised upon involuntary civil commitment raises two potential constitutional issues: the right to due process under the Fourteenth Amendment (including adequate medical care), *see Youngberg v. Romeo*, 457 U.S. 307 (1982) and *Torisky v. Schweiker*, 446 F.3d 438, 443 (3d Cir. 2006), and a Fourth Amendment right against unreasonable search and seizure, *see Doby v. DeCrescenzo*, 171 F.3d 858, 872 (3d Cir. 1999).   Plaintiff will be allowed to proceed on these claims.   In addition, Plaintiff's claim of civil assault and battery through forced medication, liberally construed, appears to state a claim.

4

The Amended Complaint does not state claims under the First, Second or Eighth Amendment.   Nor does it state a claim under 18 U.S.C. § 1035.   These claims will be dismissed.

To the extent Plaintiff attempts to raise a medical negligence claim, he has not met Delaware's statutory requirements to do so.   *See* 18 Del. C. §§ 6801-65.   When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury.   *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853.   The medical negligence claims will be dismissed.

## CONCLUSION

For the above reasons, Plaintiff will be allowed to proceed on the 42 U.S.C. § 1983 involuntary commitment, denial of medical care, and the involuntary administration of medication claims and the supplemental state claim of civil assault and battery through forced medication.   All other claims will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

An appropriate order will be entered.

5