IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MATTHEW JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.19-895-JLH |
| DR. JOSE CAPIRO, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

Plaintiff Matthew Jones appears *pro se* and has been granted leave to proceed *in forma pauperis*. The district judge previously assigned to this case screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and allowed Plaintiff to proceed on his "§ 1983 [claim] of involuntary commitment, denial of medical care, and the involuntary administration of medication" in violation of the Fourth Amendment prohibition against unreasonable search and seizure and the Fourteenth Amendment right to due process, and Plaintiff's "supplemental state claim of civil assault and battery through forced medication." (D.I. 9 at 4–5.) On August 28, 2023, Defendant moved for summary judgment. (D.I. 52.) On January 10, 2024, the case was reassigned to me.

The Court has reviewed the parties' submissions (D.I. 52, 54, 55, 57) and concludes that Defendant's motion for summary judgment should be GRANTED.

    I.    **LEGAL STANDARD**

A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and

1

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "[W]here a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007)).

## II. DISCUSSION

Plaintiff is not new to this Court. This case is one of more than three dozen complaints he has filed in this Court since 2015 directly or tangentially challenging his schizophrenia diagnoses.[1]

Defendant contends that he is entitled to summary judgment on all claims. Defendant filed a declaration with his summary judgment motion that explains that he is not and never has been Plaintiff's treating physician. (D.I. 52, Ex. A ¶ 2.) The declaration further explains that Defendant's only interactions with Plaintiff "relate to providing testimony as a consultant for Connections, in Plaintiff's Outpatient Treatment Over Objection Order hearings before the Superior Court of the State of Delaware." (*Id.*) Defendant's declaration states that he "was not in charge of prescribing medication for [Plaintiff], nor did [Defendant] manage his care," and that Defendant "never prescribed or administered medication for or to [Plaintiff]." (*Id.* ¶ 4.)

The Court concludes that Defendant is entitled to summary judgment on Plaintiff's § 1983 claim to the extent it is based on involuntary commitment, denial of medical care, or the involuntary administration of medication in violation of the Fourth or Fourteenth Amendments. Liability under § 1983 requires personal involvement. Plaintiff has submitted no evidence that Defendant treated Plaintiff—much less was personally involved in involuntarily committing him, administering medication to him, or denying him care when under a duty to do so. While the record reflects that Defendant served as a consulting witness at Plaintiff's Outpatient Treatment

---

[1] This is also not Plaintiff's first case against Defendant. Plaintiff filed a similar complaint against Defendant in the Delaware Superior Court. *See Jones v. Capiro*, C.A. No. K19C-11-048 NEP (Del. Super. Ct. Feb. 7, 2020). The court dismissed that complaint with prejudice as frivolous and malicious, *id.*, and the Delaware Supreme Court affirmed, *Jones v. Capiro*, 238 A.3d 848, 2020 WL 5230734, at *1 (Del. Aug. 14, 2020).

3

Over Objection Order hearings in the Delaware Superior Court,[2] those hearings were presided over by a judicial official who made the determination that Plaintiff should receive treatment for schizophrenia.  In addition, Defendant's testimony before the Delaware Superior Court is entitled to immunity from damages liability under § 1983.  *See Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983) (holding that witnesses in judicial proceedings have immunity under common law and that § 1983 does not authorize damages against a private party for testimony in a judicial proceeding).

The Court further concludes that Defendant is entitled to summary judgment on Plaintiff's state law claims for civil assault and battery.  Again, the record in this case contains no evidence suggesting that Defendant forced Plaintiff to take medication.

Defendant is also immune from liability under state law.  Section 5017(c) of Title 16 of the Delaware Code provides as follows:

> (c) Subsequent care.--After the person is voluntarily admitted, provisionally admitted or involuntarily committed, no peace officer or medical doctor shall be subject to civil damages or criminal penalties for any harm to the person with a mental condition resulting from the performance of the officer's or doctor's own functions of this title unless such harm was the result of negligent, reckless, wilful [sic], wanton and/or intentional misconduct on the officer's or doctor's own part.

16 Del. C. § 5017(c).  Plaintiff has provided no evidence that Defendant engaged in negligent, reckless, willful, wanton and/or intentional misconduct in connection with Defendant's service as a consulting witness in Plaintiff's Outpatient Treatment Over Objection Order hearings.

---

[2] In connection with his service as a consulting witness, Defendant "would confer with [Plaintiff's] treatment provider, review the provider's records, and occasionally speak with [Plaintiff] just prior to the hearing." (D.I. 52, Ex. A ¶ 3; *see also* D.I. 57, Ex. B.)

### III. CONCLUSION

For the above reasons, Defendant's motion for summary judgment (D.I. 52) will be GRANTED. A separate Order will be entered.

Date: June 6, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

5